**Tricia Wang (CA Bar No: 178473)**
LAW OFFICES OF TRICIA WANG
39159 Paseo Padre Parkway, Suite 205
Fremont, CA 94538
Telephone: (510) 791-0232
Fax: (510) 791-5609

Attorney for Petitioners:   Maruthi Rao DRONAM RAJU
                            And his wife Prasanthi CHALICHEEMALA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO, CALIFORNIA

Maruthi Rao DRONAM RAJU )
And his wife Prasanthi CHALICHEEMALA )
)
   Plaintiffs, )
) Case No._____
vs. )
)
Peter Keisler, Acting Attorney General of the ) COMPLAINT FOR MANDAMUS
United States; Michael Chertoff, Secretary of the ) (ADJUSTMENT OF STATUS)
Department of Homeland Security; Emilio Gonzalez )
Director of United States Citizenship & Immigration )
Services; Robert Meuller, Director of the Federal )
Bureau of Investigations )
)
   Defendants )
_____)

The Plaintiffs Maruthi Rao Dronam Raju and his wife Prasanthi chalicheemala (hereinafter "Plaintiffs"), by and through their undersigned counsel, hereby respectfully petition this Honorable Court for a Writ of Mandamus to compel action on the adjustment of status applications properly filed by Plaintiffs Maruthi Rao Dronam Raju and Prasanthi chalicheemala. The adjustment of status applications were filed and remains within the jurisdiction of the Defendants, who have improperly withheld action on said application to Plaintiffs' detriment. In support of this petition, Plaintiffs alleges as follows:

1

## PARTIES

1. Plaintiffs are residents of Alameda County. Plaintiffs Maruthi Rao Dronam Raju, Alien Registration Number A# 99050261 and Prasanthi Chalicheemala, Alien Registration Number A# 99050262 are adjustment of status applicants.

2. Peter Keisler is the Acting Attorney General of the United States, and this action is brought against him in his official capacity. He is generally charged with enforcement of the Immigration and Naturalization Act, and is further authorized to delegate such powers and authority to subordinate agency such as Federal Bureau of Investigation and subordinate employees of the Department of Justice.

3. Michael Chertoff is the Secretary of the Department of Homeland Security, and this action is brought against him in his official capacity.

4. Emilio Gonzales is the Director of the United States Citizenship & Immigration Services.

5. Robert Mueller is the Director of the Federal Bureau of Investigation.

## JURISDICTION

6. This is a civil action brought pursuant to 28 USC §1331 and 1361 to redress the deprivation or rights, privileges and immunities secured to Plaintiffs, by which jurisdiction is conferred, to compel Defendants and those working under them to perform duties they owe to the Plaintiffs.

7. Jurisdiction is also conferred by 5 USC §704. Plaintiffs are aggrieved by adverse agency action in this case, as the Administrative Procedures Act requires in order to confer jurisdiction on the District Court. 5 USC §702.

8. Costs and attorney fees will be sought pursuant to the Equal Access to Justice Act. 5 USC §504, and 28 USC 2412(d).

## VENUE

9. Venue is the Northern District of California is proper pursuant to Title 28 USC Section 1391 (e) (2) in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where a substantial part of the events or omissions giving rise to Plaintiffs' claim occurred.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. Plaintiffs have exhausted their administrative remedies. Plaintiffs have made numerous inquiries concerning the status of the application to no avail.

## FACTUAL ALLEGATIONS

11. Plaintiff Maruthi Rao Dronam Raju has an I-140 Immigration Petition for Alien Worker filed on his behalf and the petition was approved. See Exhibit 1. Plaintiff Maruthi Rao Dronam Raju filed for adjustment of status on September 9, 2005. Plaintiff Prasanthi chalicheemala also filed for adjustment of status at the same time as derivative applicant. I-485 Receipt Notices for Plaintiffs Maruthi Rao Dronam Raju and Prasanthi Chalicheemala are attached. See Exhibit 2.

12. Plaintiffs received a Transfer Notice on March 6, 2007 from the US CIS notifying them that their I-485 applications were transferred to US CIS Nebraska Service Center for processing. See Exhibit 3, copies of the Transfer Notice.

13. Plaintiffs Maruthi Rao Dronam Raju and Prasanthi Chalicheemala had their fingerprints taken first on March 28, 2006. See Exhibit 4, Copies of the Fingerprint Notification.

14. Plaintiffs Maruthi Rao Dronam Raju and Prasanthi chalicheemala had their Biometrics taken again on June 12, 2007. See Exhibit 5, copies of ASC Appointment Notice.

15. Plaintiffs sent three email inquiries on June 7, 2006, September 30, 2006 and October 19, 2006 and always received the same response from the US CIS stating that the Principal applicant's case was still pending for FBI name check clearance and US CIS has no control of how long it takes FBI to clear the case. See Exhibit 6, printouts of the email inquiries made on June 7, September 30 and October 19, 2006.

16. Plaintiffs' attorney also made inquiry on their behalf and received the same response from the USCIS. See Exhibit 7, email from the attorney's office on January 4, 2007 advising the case was pending for security check.

17. Plaintiff Maruthi Rao Dronam Raju also sought help from California Senator Barbara Boxer and received a letter dated September 27, 2006 from Senator Boxer's office with FBI's email response. See Exhibit 8, letter from Senator Boxer's office to Maruthi Rao Dronam Raju with FBI's email response.

18. The Plaintiff Maruthi Rao Dronam Raju sent several inquiries and always received the same response from the US CIS stating that the case was not yet ready for decision, as the required investigation into the Principal's background remains open and US CIS will make every effort to make a decision on this case as soon as the background checks are complete. See Exhibit 9, letters from US CIS dated November 21, 2006, February 16, 2007, February 21, 2007 and August 23, 2007 responding Plaintiffs' inquiries.

19. Defendants have sufficient information to determine the Plaintiffs' eligibility pursuant to applicable requirements. To date, said applications have not been adjudicated.

20. Defendants' refusal to act in this case is arbitrary and not in accordance with the law. Defendants willfully, and unreasonably, have delayed in and have refused to adjudicate the Plaintiffs application for **two years and one month**, thereby depriving the Plaintiffs of the benefit of becoming permanent residents of the United States, and the peace of mind they are entitled to.

21. Plaintiffs have been damaged in that they have to apply and renew their advance parole paper year after year and pay the filing fees in order to travel abroad. See Exhibit 10, copies of Plaintiffs' Authorization for Parole of an Alien into the United States.

22. Plaintiffs have also been damaged in that they have to apply and renew their employment authorization year after year and pay the filing fees in order to work legally. See Exhibit 11, copies of Plaintiffs' Employment Authorization Cards.

23. Plaintiffs have further been damaged by being deprived of the status of lawful permanent residents during the interminable pendency of their various applications. Plaintiffs seek to integrate fully into American life, society and culture. Naturalization as an American citizen, with the rights and privileges inherent therein, depends upon prior permanent resident status for at least 5 years. INA Section 316(a); 8 U.S.C. Section 1427(a)(1). Plaintiffs are therefore being deprived of the right to accumulate the requisite time as permanent residents before they are eligible to apply for naturalization, as a direct result of Defendant's failure to timely adjudicate their application to adjust status.

24. Defendants, in violation of the Administrative Procedures Act, 5 U.S.C. Sections 555(b), 701 *et seq.*, are unlawfully withholding or unreasonably delaying action on

Plaintiffs application and have failed to carry out the adjudicative functions delegated to them by law with regard to their application.

25. Plaintiffs have exhausted any administrative remedies that may exist.

**REQUEST FOR RELIEF**:

WHEREFORE, Plaintiffs request that this Court:

1. Accept jurisdiction and maintain continuing jurisdiction of this action;

2. Issue a writ in the nature of mandamus, pursuant to 28 USC § 1361 and 5 USC § 706(1) compelling Defendants and their agents to make a determination of Plaintiffs Maruthi Rao Dronam Raju's and Prasanthi Chalicheemala's applications for adjustment of status;

3. Grant attorneys' fees and costs of this suit under the Equal Access to Justice Act, 28 USC § 2412.

4. Grant such other relief as this Court may deem just and proper.

Respectfully submitted,

Attorney for Plaintiffs

_____
Tricia Wang
Attorney for Plaintiffs