SCOTT N. SCHOOLS (SC 9990)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELANIE L. PROCTOR (CSBN 228971)
Melanie.Proctor@usdoj.gov
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6730
FAX: (415) 436-6927

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARUTHI DRONAM RAJU and PRASANTHI CHALICHEEMALA, <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL B. MUKASEY,* Attorney General of the United States; MICHAEL CHERTOFF, Secretary, Department of Homeland Security; EMILIO GONZALEZ, Director of the United States Citizenship and Immigration Services; ROBERT S. MUELLER, III, Director of the Federal Bureau of Investigation, <br><br> Defendants. | No. C 07-5477 JSW <br><br> DEFENDANTS' MOTION TO DISMISS <br><br> Date:        February 15, 2008 <br> Time:       9:00 a.m. <br> Courtroom:  2, 17th Floor |

**I. NOTICE OF MOTION**

PLEASE TAKE NOTICE THAT on February 15, 2008, at 9:00 a.m., before the Honorable Jeffrey S. White, Courtroom No. 2, 450 Golden Gate Avenue, San Francisco, California, 94102, Defendants Michael B. Mukasey, et al., by their attorneys, Scott N. Schools, United States Attorney for the Northern District of California, and Melanie L. Proctor, Assistant U.S. Attorney, will move this Court to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1). Defendants' Motion is

---

*Pursuant to Fed. R. Civ. P. 25(d)(1), Michael B. Mukasey is substituted for his predecessor, Peter D. Keisler, as the United States Attorney General.

DEFENDANTS' MOTION
07-5477 JSW                                    1

based on this notice, the points and authorities in support of this motion, the pleadings on file in this matter, and on such oral argument as the Court may permit.

## II. INTRODUCTION

Plaintiffs Maruthi Rao Dronam Raju and Prasanthi Chalicheemala ("Plaintiffs") ask this Court to issue a writ of mandamus, compelling Defendants reach a decision on Plaintiffs' applications for adjustment of status. They also ask the Court to find that Defendants have violated the Administrative Procedure Act ("APA"), and to grant relief under the Declaratory Judgment Act. Plaintiffs' claims must fail. Plaintiff Raju, the principle applicant, is not eligible for adjustment of status because there is no visa available. Plaintiff Chalicheemla's application is dependent upon that of her husband; thus, her application is not ripe for adjudication until his is decided.

Mandamus relief exists only where the plaintiff establishes a clear and certain claim. Similarly, relief under the Administrative Procedure Act is proper only if agency action is unlawfully withheld. Here, because no visa is available, Plaintiffs cannot establish the existence of a clear and certain claim, nor can they demonstrate that agency action has been unlawfully withheld. Accordingly, the Complaint should be dismissed for lack of subject matter jurisdiction.

## III. BACKGROUND

On September 9, 2005, Plaintiff Raju filed an I-485 application for adjustment of status, based on his approved second-preference employment visa. See Complaint, p. 3 ¶ 11; Complaint, Exh. 1. On the same date, Plaintiff Chalicheemala applied for adjustment of status as a derivative applicant. Id. Plaintiff filed the instant Complaint on October 26, 2007.

## IV. GENERAL PRINCIPLES APPLICABLE TO THIS MOTION

### A. LEGAL STANDARD

This Court has stated that "[w]hen a defendant moves to dismiss a complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), the plaintiff bears the burden of proving that the court has jurisdiction to decide the claim." R.K., ex rel. T.K.. v. Hayward United School Dist., 2007 WL 2778702, at *4 (N.D. Cal. Sept. 21, 2007), citing Thornhill Publ'n Co. v. General Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979). A motion to dismiss for lack of subject matter jurisdiction may take two forms: facial or factual. R.K., 2007 WL 2778702, at *4

citing Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). When the jurisdictional attack is "facial," the Court accepts the factual allegations of the complaint as true, and construes those facts in the light most favorable to the non-moving party. R.K., 2007 WL 2778702, at *4. If the attack is "factual," the Court may consider "affidavits or other evidence that would be properly before the Court, and the non-moving party is not entitled to any presumptions of truthfulness with respect to the allegations in the complaint." Id.

B.  ADJUSTMENT OF STATUS

Section 245 of the Immigration and Nationality Act, codified at 8 U.S.C. § 1255, authorizes the Secretary of the Department of Homeland Security ("Secretary")[1] to adjust to permanent residence status certain aliens who have been admitted into the United States. Adjustment of status is committed to the Secretary's discretion as a matter of law. Section 1255(a) expressly provides:

> The status of an alien who was inspected and admitted or paroled into the United States . . . may be adjusted by the [Secretary], in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence[.]

8 U.S.C. 1255(a). An applicant for adjustment of status must meet three requirements: he must apply for such status, be eligible to receive an immigrant visa, and the visa must be immediately available to him at the time he applies. Id. The visa must be available to the alien at the time his application is acted upon. 8 C.F.R. § 245.2(a)(5)(ii) ("An application for adjustment of status, as a preference alien, shall not be approved until an immigrant visa has been allocated by the Department of State . . . .").

Congress has placed numerical limitations on employment based visas. 8 U.S.C. § 1151(d). The Department of State ("State Department") coordinates with U.S. Citizenship and Immigration Services ("USCIS") to manage the individual allotment of employment-based visas. Ptaskinska v. U.S. Dept. of State, 2007 WL 3241560, at *1 (N.D. Ill. Nov. 1, 2007). The State Department issues

---

[1] On March 1, 2003, the Department of Homeland Security and its United States Citizenship and Immigration Services assumed responsibility for the adjustment program. 6 U.S.C. § 271(b). Accordingly, the discretion formerly vested in the Attorney General is now vested in the Secretary of Homeland Security. 6 U.S.C. § 551(d).

DEFENDANTS' MOTION
07-5477 JSW                          3

a monthly visa bulletin

> estimating the number of anticipated visas that will be issued during any quarter of the fiscal year . . . . The priority date is the date on which USCIS receives and accepts for filing the alien's labor certification in cases for which a labor certification is required before an employer may file Form I-140, which is an Immigration Petition for an Alien Worker.

Id. In July 2007, the State Department announced that nearly all employment-based visas would be considered current. 84 Interpreter Releases 1441, 1441-42 (July 2, 2007). As a result, USCIS used 60,000 employment numbers, and no employment-based visas were available until the new fiscal year. Id.

In October and November 2007, the India employment second preference cut-off date was April 1, 2004. U.S. Dep't of State Visa Bulletin, Vol. VIII, No. 111 (Oct. 2007); U.S. Dep't of State Visa Bulletin, Vol. VIII, No. 112 (Nov. 2007). However, in the December 2007 visa bulletin, India employment second preference cut-off dates retrogressed more than two years, to January 1, 2002. U.S. Dep't of State Visa Bulletin, Vol. VIII, No. 113 (Dec. 2007); 84 Interpreter Releases 2709, 2710 (Nov. 19, 2007). The State Department stated that the retrogression was a result of a heavy demand for numbers by USCIS, and cautioned that additional retrogressions could not be ruled out during the second quarter of the fiscal year. In fact, in the January 2008 bulletin, the cut-off dates retrogressed another two years, to January 1, 2000. U.S. Dep't of State Visa Bulletin, Vol. VIII, No. 114 (Jan. 2008).

C. RELIEF AVAILABLE UNDER THE ADMINISTRATIVE PROCEDURE ACT AND THE MANDAMUS ACT

Judicial review under the APA, 5 U.S.C. § 701, et seq., is specifically precluded where "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(2). Agency action, as defined under the APA, also includes "a failure to act." 5 U.S.C. § 551(13). Under 5 U.S.C. § 706(1), a court may compel "agency action unlawfully withheld or unreasonably delayed." The elements of a claim under § 706(1) are the existence of a discrete, ministerial duty; a delay in carrying out that duty; and a determination that the delay was unlawful or unreasonable in light of prejudice to one of the parties. Norton v. Southern Utah Wilderness Alliance, 542 U.S. 55 (2004); Rockbridge v. Lincoln, 449 F.2d 567, 569-73 (9th Cir. 1971).

The APA does not provide an independent jurisdictional basis. Califano v. Sanders, 430 U.S. 99, 107 (1977); Staacke v. U.S. Department of Labor, 841 F.2d 278, 282 (9th Cir. 1988). Rather, it merely provides the standards for reviewing agency action once jurisdiction is otherwise established. Staacke, 841 F.2d at 282. Similarly, the Declaratory Judgment Act, 28 U.S.C. § 2201 ("DJA"), does not provide an independent basis for jurisdiction; rather, it only expands the range of remedies available in federal courts. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671-72 (1950).

Mandamus is an extraordinary remedy. See Cheney v. United States District Court for the District of Columbia, 542 U.S. 367, 392 (2004) (Stevens, J., concurring); Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980). The United States Supreme Court has stated that "[t]he common law writ of mandamus is intended to provide a remedy for a plaintiff only if . . . the defendant owes him a clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616 (1984). The Ninth Circuit has explained that

> [m]andamus . . . is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available.

Kildare v. Saenz, 325 F.3d 1078, 1084 (9th Cir. 2003). Thus, "'mandamus does not lie to review the discretionary acts of officials.'" See Nova Stylings Inc. v. Ladd, 695 F.2d 1179, 1180 (9th Cir. 1983), quoting Nelson v. Kleppe, 457 F. Supp. 5, 8 (D. Idaho 1976).

## V. ANALYSIS

### A. DEFENDANTS MUKASEY AND MUELLER SHOULD BE DISMISSED

Courts in this district have recognized that since March 1, 2003, the Department of Homeland Security has been the agency responsible for implementing the Immigration and Nationality Act. See 6 U.S.C. §§ 271(b)(5), 557; Konchitsky v. Chertoff, No. C-07-00294 RMW, 2007 WL 2070325, at *6 (N.D. Cal. July 13, 2007); Dmitriev v. Chertoff, No. C 06-7677 JW, 2007 WL 1319533, at *4 (N.D. Cal. May 4, 2007). Accordingly, the only relevant Defendants here are those within the Department of Homeland Security, and Defendants Mukasey and Mueller should be dismissed.

B.     PLAINTIFFS ARE NOT ELIGIBLE FOR ADJUSTMENT OF STATUS

      1.     Plaintiff Raju Lacks An Immediately Available Visa

The Court lacks jurisdiction to grant Plaintiffs' request for mandamus under 28 U.S.C. § 1361. Plaintiffs have no clear right to immediate adjudication, and Defendants have no clear duty to provide it. Plaintiffs' applications may not be approved unless Plaintiff Raju is eligible to receive an immigrant visa. 8 U.S.C. § 1255(a)(2) (requiring that adjustment applicant be eligible for an immigrant visa); 8 C.F.R. § 245.2(a)(5)(ii) (forbidding USCIS from approving application unless the State Department has allocated a visa). Plaintiff Raju's application is based on his second-preference employment visa with a May 3, 2002 priority date. Complaint, p. 3 ¶ 11; Complaint, Exh. 1.

As set forth above, the current priority date for visas in Plaintiff Raju's category is January 1, 2002; on January 1, 2008, the date will retrogress to January 1, 2000. Visa Bulletin (Dec. 2007); Visa Bulletin (Jan. 2008). This situation is unlikely to change in the near future, as an examination of historic priority date movement reveals. See U.S. Dep't of State Visa Bulletin, Vol. VIII, No. 99 (Nov. 2006) (setting January 1, 2003 as the priority date for India second-preference employment visas); U.S. Dep't of State Visa Bulletin, Vol. VIII, No. 100 (Dec. 2006) (setting January 8, 2003 as the priority date); U.S. Dep't of State Visa Bulletin, Vol. VIII, No. 101 (Jan. 2007) (same); U.S. Dep't of State Visa Bulletin, Vol. VIII, No. 102 (Feb. 2007) (same) ; U.S. Dep't of State Visa Bulletin, Vol. VIII, No. 103 (March 2007) (same); U.S. Dep't of State Visa Bulletin, Vol. VIII, No. 104 (April 2007) (same); U.S. Dep't of State Visa Bulletin, Vol. VIII, No. 105 (May 2007) (same); U.S. Dep't of State Visa Bulletin, Vol. VIII, No. 106 (June 2007) (setting an April 1, 2004 priority date).

Because there are no visas available, USCIS cannot adjust Plaintiffs' status. 8 U.S.C. § 1255(a)(2). Moreover, while it is possible the priority date could change in Plaintiff Raju's favor, it is by no means clear and certain that Plaintiff Raju will be eligible at any date in the near future. See Visa Bulletin (Jan. 2008) (noting that it is likely that the annual limit for Plaintiff's category will be reached within the next few months, after which the category will become 'unavailable' for the remainder of Fiscal Year 2008). Accordingly, Plaintiffs have failed to establish that agency action

1  has been unlawfully withheld, or that mandamus is appropriate. See Cheney, 542 U.S. at 392
2  (Stevens, J., concurring); Allied Chemical Corp., 449 U.S. at 34.

### 2. Plaintiff Chalicheemala's Claim Is Not Ripe

Plaintiff Chalicheemala's application depends on her husband first successfully adjusting his status. See Complaint, p. 3 ¶ 11. Defendants cannot adjudicate her application until her husband's application is decided. See Kheiravar v. Chertoff, 2007 U.S. Dist. LEXIS 35390, *5 (S.D. Cal. May 14, 2007) (dismissing beneficiary's claim for lack of subject matter jurisdiction). Thus, agency action has not been unlawfully withheld, nor is Plaintiff Chalicheemla's right to immediate adjudication "clear and certain." Id. Accordingly, the Court lacks jurisdiction over her claims.

## VI. CONCLUSION

For the foregoing reasons, the Government respectfully asks the Court to dismiss the Complaint.

Dated: December 31, 2007                             Respectfully submitted,

                                                                     SCOTT N. SCHOOLS
                                                                      United States Attorney

                                                                        /s/
                                                                     MELANIE L. PROCTOR
                                                                      Assistant United States Attorney
                                                                      Attorneys for Defendants