SCOTT N. SCHOOLS (SC 9990)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELANIE L. PROCTOR (CSBN 228971)
Melanie.Proctor@usdoj.gov
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6730
FAX: (415) 436-6927

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARUTHI DRONAM RAJU and PRASANTHI CHALICHEEMALA, <br><br>  Plaintiffs, <br><br>  v. <br><br> MICHAEL B. MUKASEY,* Attorney General of the United States; MICHAEL CHERTOFF, Secretary, Department of Homeland Security; EMILIO GONZALEZ, Director of the United States Citizenship and Immigration Services; ROBERT S. MUELLER, III, Director of the Federal Bureau of Investigation, <br><br>  Defendants. | No. C 07-5477 JSW <br><br> PROPOSED ORDER |

Plaintiffs Maruthi Rao Dronam Raju and Prasanthi Chalicheemala ("Plaintiffs") ask this Court to issue a writ of mandamus, compelling Defendants reach a decision on Plaintiffs' applications for adjustment of status. They also ask the Court to find that Defendants have violated the Administrative Procedure Act ("APA"), and to grant relief under the Declaratory Judgment Act. Plaintiffs' claims must fail. Plaintiff Raju, the principle applicant, is not eligible for adjustment of status because there is no visa available. Plaintiff Chalicheemla's application is dependent upon that

---

*Pursuant to Fed. R. Civ. P. 25(d)(1), Michael B. Mukasey is substituted for his predecessor, Peter D. Keisler, as the United States Attorney General.

PROPOSED ORDER
07-5477 JSW                                      1

1  of her husband; thus, her application is not ripe for adjudication until his is decided.

2      Mandamus relief exists only where the plaintiff establishes the existence of a clear and
3  certain claim. Similarly, relief under the Administrative Procedure Act is proper only if agency
4  action is unlawfully withheld. Here, because no visa is available, Plaintiffs cannot establish the
5  existence of a clear and certain claim, nor can they demonstrate that agency action has been
6  unlawfully withheld. Accordingly, the Complaint is dismissed for lack of subject matter
7  jurisdiction.

## BACKGROUND

9      On September 9, 2005, Plaintiff Raju filed an I-485 application for adjustment of status,
10 based on his approved second-preference employment visa. See Complaint, p. 3 ¶ 11; Complaint,
11 Exh. 1. On the same date, Plaintiff Chalicheemala applied for adjustment of status as a derivative
12 applicant. Id. Plaintiff filed the instant Complaint on October 26, 2007.

### GENERAL PRINCIPLES APPLICABLE TO THIS MOTION

14     A.    LEGAL STANDARD

15     This Court has stated that "[w]hen a defendant moves to dismiss a complaint for lack of
16 subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), the plaintiff bears the burden of
17 proving that the court has jurisdiction to decide the claim." R.K., ex rel. T.K.. v. Hayward United
18 School Dist., 2007 WL 2778702, at *4 (N.D. Cal. Sept. 21, 2007), citing Thornhill Publ'n Co. v.
19 General Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979). A motion to dismiss for lack of
20 subject matter jurisdiction may take two forms: facial or factual. R.K., 2007 WL 2778702, at *4
21 citing Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). When the jurisdictional
22 attack is "facial," the Court accepts the factual allegations of the complaint as true, and construes
23 those facts in the light most favorable to the non-moving party. R.K., 2007 WL 2778702, at *4. If
24 the attack is "factual," the Court may consider "affidavits or other evidence that would be properly
25 before the Court, and the non-moving party is not entitled to any presumptions of truthfulness with
26 respect to the allegations in the complaint." Id.

27 ///
28 ///

**DISCUSSION**

A.  DEFENDANTS MUKASEY AND MUELLER ARE DISMISSED

Courts in this district have recognized that since March 1, 2003, the Department of Homeland Security has been the agency responsible for implementing the Immigration and Nationality Act. See 6 U.S.C. §§ 271(b)(5), 557; Konchitsky v. Chertoff, No. C-07-00294 RMW, 2007 WL 2070325, at *6 (N.D. Cal. July 13, 2007); Dmitriev v. Chertoff, No. C 06-7677 JW, 2007 WL 1319533, at *4 (N.D. Cal. May 4, 2007). Accordingly, the only relevant Defendants here are those within the Department of Homeland Security, and Defendants Mukasey and Mueller are hereby dismissed.

B.  PLAINTIFFS ARE NOT ELIGIBLE FOR ADJUSTMENT OF STATUS

The Court lacks jurisdiction to grant Plaintiffs' request for mandamus under 28 U.S.C. § 1361. Plaintiffs have no clear right to immediate adjudication, and Defendants have no clear duty to provide it. Plaintiffs' applications may not be approved unless Plaintiff Raju is eligible to receive an immigrant visa. 8 U.S.C. § 1255(a)(2) (requiring that adjustment applicant be eligible for an immigrant visa). Plaintiff Raju's application is based on his second-preference employment visa with a May 3, 2002 priority date. Complaint, p. 3 ¶ 11; Complaint, Exh. 1. Plaintiff Chalicheemala's application is dependent upon that of her husband; accordingly, she is not eligible to adjust her status. Id.; Kheiravar v. Chertoff, 2007 U.S. Dist. LEXIS 35390, *5 (S.D. Cal. May 14, 2007).

The current priority date for visas in Plaintiff Raju's category is January 1, 2002; on January 1, 2008, the date will retrogress to January 1, 2000. Visa Bulletin (Dec. 2007); Visa Bulletin (Jan. 2008). Because there are no visas available, USCIS cannot adjust Plaintiffs' status. 8 U.S.C. § 1255(a)(2); 8 C.F.R. § 245.2(a)(5)(ii). While it is possible the priority date could change in Plaintiff Raju's favor, it is by no means clear and certain that Plaintiff Raju will be eligible at any date in the near future. See Visa Bulletin (Jan. 2008) (noting that it is likely that the annual limit for Plaintiff's category will be reached within the next few months, after which the category will become 'unavailable' for the remainder of Fiscal Year 2008). Accordingly, Plaintiffs have failed to establish that mandamus is appropriate. See Cheney, 542 U.S. at 392 (Stevens, J., concurring);

Allied Chemical Corp., 449 U.S. at 34.

Finally, Plaintiff Chalicheemala's application depends on her husband first successfully adjusting his status.  See Complaint, p. 3 ¶ 11.  Accordingly, Defendants cannot adjudicate her application until her husband's application is decided.  See Kheiravar, 2007 U.S. Dist. LEXIS 35390, at * 5 (dismissing beneficiary's claim for lack of subject matter jurisdiction).

## CONCLUSION

Plaintiffs have failed to establish a clear and certain claim, or that agency action has been unlawfully withheld.  Accordingly, the Complaint is hereby DISMISSED for lack of subject matter jurisdiction.

IT IS SO ORDERED.

Dated:

                                          JEFFREY S. WHITE
                                          United States District Judge